## In re CARRIGER'S ESTATE.

### S. F. No. 155; August 29, 1895.

#### 41 Pac. 700.

Estate of Decedent—Family Allowance.—On Appeal by an administrator from an order directing him to pay the widow of decedent a certain amount per month, as a family allowance, it will be presumed, in the absence of the evidence before the court below, that the condition of the estate was such as to authorize the allowance of the sum fixed in the order.

APPEAL from Superior Court, Sonoma County; S. K. Dougherty, Judge.

In the matter of the estate of William W. Carriger, deceased. Appeal by Soloman Carriger, special administrator of said estate, from an order directing him to pay to the widow of said deceased a certain amount per month, as a family allowance. Affirmed.

Barclay Henley and Cary Howard for appellant; Campbell & Campbell and Aylett R. Cotton for respondent.

PER CURIAM.—The special administrator of the estate of the deceased has appealed from an order of the superior court directing him to pay to the widow of the deceased the sum of $50 per month, as a family allowance. The order was made after a citation to the appellant and a hearing thereon before the court; but the appeal is presented here without any bill of exceptions or other showing of the matters which were considered by the court in making its order.

Section 1464, Code of Civil Procedure, authorizes the court to make a reasonable provision for the support of the family "until letters are granted and the inventory is returned"; and by section 1466 the court is authorized to make such reasonable allowance out of the estate as shall be necessary for the maintenance of the family, according to their circumstances, "during the progress of the settlement of the estate." The only limitation upon the action of the court in this regard is that, in case the estate is insolvent, the allowance must not be continued longer than one year after granting letters testamentary or of administration. There is no intimation in the return of the special administrator that the estate is insolvent, and, by section 1467, the family allowance must be paid in preference to all other charges, except funeral charges and expenses of administration. Although the appellant, in his return to the petition, states that the funeral charges have not been paid, he does not give the amount of these charges, nor does it appear from the record what is the amount of the decedent's estate. The fact that the administrator has not in his hands sufficient money to pay the family allowance does not deprive the court of the power to fix the amount to be paid. If there is other estate which can be subjected to this payment, the court can make a proper order therefor. In the absence of the evidence which was before the court at the hearing, we must assume that it was fully shown that the condition of the estate was such as to authorize the allowance of the sum fixed in the order. The order is affirmed.